# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**In Re: J.C.**

**No. 13-0956** (Jackson County 13-JA-1)

**FILED**

**February 18, 2014**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Mother, by counsel Susan A. Settle, appeals the Circuit Court of Jackson County's order entered on August 19, 2013, terminating her parental rights to her child J.C. The West Virginia Department of Health and Human Resources ("DHHR"), by William P. Jones, its attorney, filed a response in support of the circuit court's order. The child's guardian ad litem, Laurence W. Hancock, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in refusing to grant an improvement period and in terminating her parental rights to J.C.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In December of 2011, petitioner's parental rights to her child, D.H., were terminated, based upon her mental illness and inability to correct the circumstances that led to neglecting D.H. On January 8, 2013, J.C. was born and, within a week, the DHHR filed the underlying abuse and neglect petition based upon allegations that petitioner had previously had her parental rights involuntarily terminated and that J.C.'s father was incapable of caring for J.C. due to his history of mental illness, hospitalization, and alcoholism. J.C. was placed into the custody of the DHHR's Child Protective Services ("CPS"). Petitioner waived her right to a preliminary hearing and, after an adjudicatory hearing, was adjudicated to be an abusing parent. In May of 2013, at a dispositional hearing, a CPS worker testified that petitioner's parental rights were previously terminated because she failed to complete the terms and conditions of her improvement period. The CPS worker further testified that the conditions that led to the previous termination had not changed, that petitioner lacked the intellectual capacity to care for an infant due to a head injury, and that the head injury was such that petitioner's intellectual capacity was unlikely to improve. Petitioner requested that the circuit court grant legal guardianship of J.C. to petitioner's aunt and uncle, who live near petitioner.[1] The circuit court denied this request and, by order entered August 19, 2013, the circuit court terminated petitioner's parental rights to J.C. In the order, the circuit court found that petitioner lacked the mental capacity to care for J.C., that continuation in the home and reunification are not in the best interest of the child, and that termination of

---

[1] The aunt and uncle are anticipated to provide J.C.'s permanent placement, after termination.

1

parental rights is necessary. It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.,* 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues two assignments of error. First, petitioner argues that the circuit court impermissibly denied an improvement period solely based on the fact that she had previously had her parental rights involuntarily terminated. Pursuant to West Virginia Code § 49-6-12, a respondent parent bears the burden of proving that he or she will substantially comply with an improvement period. Consequently, the circuit court has the discretion to deny an improvement period if the circuit court finds that this burden has not been met. Further, this Court has instructed circuit courts not to unnecessarily extend abuse and neglect proceedings when we held that

> "[C]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements." Syl. Pt. 1, in part, *In Re: R.J.M.*, 164 W. Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 4, in part, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). The record reflects that petitioner has limited parenting abilities due to a brain injury and that the injury is of the type that will not improve, according to testimony by a CPS worker. Additionally, pursuant to West Virginia Code § 49-6-5(a)(7)(B), the DHHR is not required to make reasonable efforts to preserve petitioner's family, due to her prior involuntary termination of parental rights to D.H.

Second, petitioner argues that the circuit court should have instated the less restrictive alternative of granting guardianship of J.C. to petitioner's aunt and uncle without terminating her parental rights. West Virginia Code § 49-6-5(b) outlines circumstances in which there is no

2

reasonable likelihood that conditions of neglect or abuse can be substantially corrected in the near future. Such circumstances include a parent incurring mental deficiency "of such duration or nature as to render such parent or parents incapable of exercising proper parenting skills or sufficiently improving the adequacy of such skills." *Id.* § 49-6-5(b)(6). As described above, our review of the dispositional hearing transcript provides testimony that petitioner's mental deficiency will not improve. The record and the circuit court's findings support its conclusions that there was no reasonable likelihood to believe that conditions of abuse and neglect could be substantially corrected in the near future, and that termination was necessary for the child's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon such findings.

For the foregoing reasons, we find no error in the decision of the circuit court and the termination of parental rights is hereby affirmed.

Affirmed.

**ISSUED**: February 18, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3